**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-6847

JAMES AARON WALKER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-96-199-BO, CR-97-62-BO,
CA-99-96-5-BO)

Submitted: August 31, 1999

Decided: September 17, 1999

Before LUTTIG and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James Aaron Walker, Jr., Appellant Pro Se. Fenita Morris Shepard,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Aaron Walker, Jr., seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). We have reviewed the record and the district court's opinion and find no reversible error. We therefore dismiss the appeal, although we rely on different reasoning than the district court. See Skipper v. French, 130 F.3d 603, 610 (4th Cir. 1997) (finding that appellate court may affirm judgment on alternative ground where alternative ground was advanced in lower court, whether or not considered).

Section 2255 provides that a movant has one year from "the date on which the judgment of conviction becomes final" to file a motion under that statute. See 28 U.S.C.A. § 2255. Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)).

Here, Walker did not file a direct appeal from the criminal judgment entered on October 21, 1997.[1] Giving Walker the benefit of the ten-day appeal period and thirty-day excusable neglect period in Fed. R. App. P. 4(b), his conviction became final no later than December 1, 1997.[2] Therefore, the one-year limitations period expired on

_____

[1] Although Walker was sentenced and the criminal judgment was filed on September 25, 1997, the district court's records show the judgment was entered on the docket sheet on October 21, 1997. Pursuant to Fed. R. Civ. P. 58 and 79(a), we consider the date the judgment was entered as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] The 40th day fell on Sunday, November 30, 1997. See Fed. R. App. P. 6.

November 30, 1998, rendering untimely Walker's § 2255 motion filed on February 9, 1999. We therefore deny a certificate of appealability and dismiss the appeal on that basis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3